UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ARTHUR RUTENBERG
HOMES, INC., etc., et al.,

        Plaintiffs,

v.                        No.3:07-cv-210-J-12HTS

JACOB NOBLES, etc., et al.,

        Defendants.

---

## ORDER

This cause is before the Court on Defendants, Jacob and Gloria Nobles' (the Nobles) Motion for Summary Judgment (Doc. 34), filed March 21, 2008. The Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Doc.41) was filed April 9, 2008. On June 4, 2008, the Court heard oral argument on the summary judgment motion.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to dispose of unsupported claims or defenses which, as a matter of law, do not raise issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The Nobles seek summary judgment on Plaintiffs' claims of copyright infringement. Plaintiffs assert that the Nobles copied Plaintiff Arthur Ruterberg Homes, Inc.'s copyrighted floor plans for the construction of their home. Both parties have focused on the Jacaranda IV plan as the copyrighted plan relevant for comparison on summary judgment.

In order to prevail on their claims of copyright infringement, because there is no direct evidence of copying, Plaintiffs must demonstrate that the two plans are substantially similar. See, Oravec v. Sunny Isles Luxury Ventures L.C., 2008 WL 2047894, No. 06-14495, (11th Cir. May 14, 2008)(citations omitted). The Nobles claim that the undisputed differences between the plans for the Nobles' home and the copyrighted plans are such that no jury could find the plans to be substantially similar. The Nobles' expert, Gene Farmer, has compared the floor plans and noted numerous differences. See Doc. 35. The Nobles also have presented evidence of their independent creation of the plans for their home and maintain that this evidence also supports the conclusion that no reasonable jury could find copyright infringement in this case.

Plaintiffs' expert, Tom Kreumpelstaedter, who created the Jacaranda series of floor plans for Plaintiff Arthur Rutenberg Homes, Inc., also compared the two plans. He opines that the numerous similarities of protected elements he identifies are significant such that an average lay observer could conclude that the Nobles' plan was appropriated from Plaintiffs' Jacaranda IV plan, that is, that the two plans are substantially similar. See Doc. 41, Exhibit 2, ¶¶ 10-11. He notes that some of the differences between the plans identified by the Nobles' expert Gene Farmer do not appear in an earlier version of the plan for the Nobles' residence. Id. at ¶ 13. He also contends that due to the substantial similarities between the two plans, the possibility that a designer could have created the floor plan for

2

the Nobles' residence without reference to the Jacaranda IV plan defies his experience as an architect. See Id. at ¶ 14.

Both parties have presented expert testimony to support their respective positions. On summary judgment, the Court may not weigh conflicting evidence or assess the credibility of witnesses. See Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 919 (11th Cir. 1993). The test for substantial similarity is "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." See, e.g., Oravec v. Sunny Isles Luxury Ventures L.C., 2008 WL 2047894, No. 06-14495, (11th Cir. May 14, 2008)(citations omitted); John Alden Homes, Inc. v. Kangas, 142 F.Supp 2d 1338, 1344 (Fla. M.D. 2001)(citations omitted). Such test is necessarily fact intensive and is appropriately left to the trier of fact in a case such as this where numerous similarities and differences between the alleged infringing plan and the copyrighted plan have been identified, the parties vigorously dispute the significance of those similarities and differences, and the parties have presented evidence to support their respective positions.

The Court finds that the Nobles have not met their burden of establishing that no genuine issues of material fact remain in this copyright infringement action, and that as a result, the trier of fact should be allowed to determine whether Plaintiffs have proved their claims of copyright infringement.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.      That Defendants, Jacob and Gloria Nobles' Motion for Summary Judgment (Doc. 34) is denied; and

2.    Pursuant to agreement of counsel, the parties shall have until July 23, 2008, to advise the Court regarding the scheduling of further mediation in the case by filing a written status report; and

3.    The pretrial conference previously scheduled for July 7, 2008, will be rescheduled by the Court at a later date, if necessary.

**DONE AND ORDERED** this ___25th___ day of June 2008.


Howell W. Melton
Senior United States District Judge


Copies to:
Counsel of Record

4